**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS A. SCHWEITZER** | : | CASE NO. C-1-02-052 |
| Plaintiff | : | |
| | : | MAGISTRATE-JUDGE: **HOGAN** |
| -vs- | : | |
| | : | **DEFENDANT'S PRETRIAL** |
| **TEAMSTERS LOCAL 100** | : | **MOTION TO EXCLUDE EVIDENCE** |
| | : | |
| Defendant | : | |

    Now comes Defendant Teamster's Local 100 and moves this Court for an order excluding from trial evidence in the form of a letter, a copy of which is attached hereto as Exhibit 1 and the testimony of attorney Julie Ford. Defendant states that the reasons for this motion are more fully set forth in the memorandum of law attached hereto.

                                            Respectfully submitted,

                                            _____
                                            **KARL E. WILLIAMSON**, (0047204)
                                            Attorney for Defendants
                                            Suite 904, Highland Towers
                                            1071 Celestial Street
                                            Cincinnati, Ohio 45202
                                            Telephone (513) 621-8688
                                            FAX (513) 621-3873

**MEMORANDUM**

    To support his ERISA claim, Plaintiff plans to offer evidence in the form of a letter written by attorney Julie Ford to the EEOC on behalf of Local 100. To support her argument that Plaintiff was laid off as part of a reduction in force, Ms. Ford noted the cost savings to Defendant related to health insurance premiums paid by Defendant on Plaintiff's behalf. In order to make out a *prima facie* §510 claim, a plaintiff must show that she/he (1) belongs to the protected class; (2) was qualified for the position involved; and (3) was discharged or denied employment under circumstances that provide some

basis for believing that the intent to interfere with the employee's attainment of any right to which she may become entitled under ERISA is present. Turner v. Schering-Plough Corp., 901 F.2d 335, 347 (3d Cir. 1990) (citing Gavalik v. Continental Can Co., 812 F.2d 834 (3d Cir. 1987); Dister v. Continental Group, Inc., 859 F.2d 1108, 1111-12 (2d Cir. 1988). See Little v. Cox's Supermarkets, 71 F.3d 637, 642 (7th Cir. 1995) (citing Turner, 901 F.2d at 347). Because Ms. Ford's letter was written after Plaintiff's discharge and therefore cannot establish Defendant's intent at the time it discharged Plaintiff, it has absolutely no probative value with respect to this claim and violates the standard of relevant evidence established by *Fed. R. Evid. 401*.

Defendant has offered to stipulate to the authenticity of this document while reserving to the Court the decision as to whether or not the document constitutes admissible evidence. However, Plaintiff's counsel indicates he believes it would be necessary to issue a subpoena to attorney Ford to testify at trial. Defendant suggests that, within the bounds of the attorney-client and work-product privilege, Ms. Ford could do little more than authenticate the document. Furthermore, to force Ms. Ford into a position of invoking the attorney-client or work-product privilege in the presence of the jury would unfairly prejudice Defendant and confuse the jury as to the ultimate issue regarding Plaintiff's ERISA claim: whether or not Defendant intended to interfere with the attainment of any right to which Plaintiff was entitled under ERISA.

## **CONCLUSON**

For the foregoing reasons, Defendant requests that Ms. Ford's letter and any testimony by Ms. Ford with respect to the letter be excluded from trial.

---

**KARL E. WILLIAMSON**, (0047204)
Attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served by ordinary U.S. Mail upon Mark J. Byrne, Attorney for Plaintiff, Jacobs, Kleinman, Seibel & McNally, 2300 Kroger Building, 1014 Vine Street, Cincinnati, Ohio 45202, this 15th day of January, 2004.

_____
Karl E. Williamson, (0047204)
Attorney for Defendants